IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
DISTRICT COURT
DISTRICT OF MARYLAND

2016 NOV 22  P 2: 26

CLERK'S OFFICE
AT GREE

| | | |
|---|---|---|
| **PHILLIP WHITEHURST**, *pro se* | * | |
| | * | |
| Petitioner | * | |
| | * | |
| v. | * | Civil No. **PJM 15-2914** |
| | * | Civil No. **PJM 16-1775** |
| **UNITED STATES OF AMERICA** | * | (Related to Criminal No. PJM **11-0567**) |
| | * | |
| Respondent | * | |
| | * | |

**MEMORANDUM OPINION**

*Pro se* Petitioner Phillip Whitehurst has filed the two Motions to Vacate his sentence pursuant to 28 U.S.C. §2255. The first makes five claims of ineffective assistance of counsel. ECF No. 467. The second asks the Court to examine the applicability of the Supreme Court's ruling in *Johnson v. United States,* 135 S. Ct. 2551 (2015) to his case. ECF No. 499. For the reasons set forth below, the Court **DENIES** both Motions.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

On September 22, 2011, the Government filed a criminal complaint against twenty defendants, including Whitehurst, charging them with conspiracy to distribute and possess with intent to distribute a mixture or substance containing a detectable amount of cocaine and/or cocaine base, in violation of 21 U.S.C. § 846. A federal public defender was appointed for Whitehurst, but moved to withdraw based on conflicts of interest. Whitehurst then went through a number of attorneys: Alan Bussard, Esquire; Allen Orenberg, Esquire; Arthur Reynolds, Esquire; and Marnitta King, Esquire. King entered her appearance as counsel of record on May

9, 2013 and represented Whitehurst in negotiating his plea, at sentencing, and in his appeals. Whitehurst's claims of ineffective assistance are made with respect to King's representation.

Whitehurst was indicted by a grand jury on April 25, 2012 per a Third Superseding Indictment. In the Fourth and Fifth Superseding Indictments, Whitehurst was charged with three Counts: (1) conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base, in violation of 21 U.S.C. § 846 (Count One); (2) distribution and possession with intent to distribute a mixture or substance containing a detectable amount of cocaine or cocaine base, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2 (Count Two); and (3) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Three). ECF No. 487 at 2.

In September 2012, one of Whitehurst's coconspirators went to trial and several other co-conspirators testified against that defendant. *Id.* The trial included testimony suggesting that Whitehurst was the leader of the conspiracy. *Id.* at 3. The defendant in that case was found guilty.

On September 10, 2013, the Government offered Whitehurst a plea bargain through King that required him to plead guilty to Count I, which carried a mandatory minimum sentence of 10 years and a maximum sentence of life in custody. *Id.* In exchange, the Government agreed not to seek an enhancement under 21 U.S.C. § 851, which would have caused Whitehurst to face a mandatory sentence of life in prison. The proposed plea agreement would have required Whitehurst to waive his appellate rights.

On September 16, 2013, counsel for the Government met with Whitehurst and King for a "reverse proffer" session. During the meeting, the Government extensively discussed the depth and quality of the evidence against Whitehurst, including testimony of cooperating witnesses

(several of whom had already testified in his co-conspirator's trial) as well as intercepted telephone conversations between Whitehurst and various co-conspirators. ECF No. 487 at 4.

Whitehurst ultimately rejected the Government's written plea offer, but instead, without an agreement with the Government, pled guilty to all three Counts pending against him in the Fifth Superseding Indictment. *Id.* at 5. Notwithstanding the fact that there was no agreement, the Government advised the Court that it would not to seek an enhancement pursuant to 21 U.S.C. § 851, which would have mandated a sentence of life in prison.

There were three disputed issues at sentencing: (1) the quantity of drugs attributable to Whitehurst; (2) whether he was an organizer or leader of the drug conspiracy; and (3) the calculation of his criminal history in the Pre-Sentence Report. *Id.* at 5. At sentencing, Judge Alexander Williams heard testimony and arguments from counsel as to those questions. *Id.* After the evidence was presented, King dropped her objection to an enhancement for leadership in the conspiracy. ECF No. 437 at 67 ¶ 13—14. Judge Williams gave Whitehurst "the benefit of the doubt" on the quantity of drugs, and assigned him a base offense level of 36 – a compromise between the defense's proposal of 32 and the Government's proposal of 38. ECF No. 437 at 72 ¶ 14. Judge Williams agreed with the Government as to Whitehurst's criminal history calculation.

At sentencing, Judge Williams departed downward from the advisory guideline range of 360 months to life in custody and sentenced Whitehurst to 294 months on Count One, 240 months on Count 2, and 120 months on Count 3, all three sentences to run concurrently. *Id.* at 8.

King filed a timely appeal on Whitehurst's behalf. ECF Nos. 424, 430. Her brief on appeal challenged the District Court's factual findings regarding the relevant drug amounts. ECF No. 14-4016 (4th Cir. Sept. 17, 2014). On March 31, 2015, the United States Court of Appeals for the Fourth Circuit affirmed the District Court's judgment. ECF No. 452, 453.

Whitehurst filed his first § 2255 petition on September 25, 2015, then filed supplemental attachments on October 13, 2015. The Government responded on January 29, 2016, ECF No. 487, and Whitehurst replied on February 23, 2014. ECF No. 490. Whitehurst also sent a letter to the Clerk's Office on May 24, 2016, "respectfully request[ing] that your office review my case to determine if the recent Supreme Court holdings in *Johnson v. United States*, 135 S.Ct. 2551 and in *Welch v. United States*, No. 15-6416, effects my case." ECF No. 499. The clerk docketed the letter as a second § 2255 petition.

## II.    ANALYSIS

In his first Motion to Vacate, ECF No. 467, Whitehurst made five claims of ineffective assistance of counsel.

Ineffective assistance of counsel claims are governed by the two-part test first elucidated by the Supreme Court in *Strickland v. Washington,* which provides that a defendant must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." 466 U.S. 668, 687 (1984). These two elements are typically referred to as the "performance" and "prejudice" prongs. *See Fields v. Attorney Gen. of State of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992).  Since a petitioner bears the burden of proving both *Strickland* elements, he fails to satisfy his overall burden if he fails to prove either. *Id.*

The right to effective assistance of counsel applies during the plea negotiation process and is governed by the *Strickland* test. *Missouri v. Frye,* _ U.S. _, 132 S. Ct. 1399, 1409 (2012) (citing *Hill v. Lockhart*, 474 U.S. 52, 57 (1985)). Ineffective assistance at the plea bargaining stage requires a showing that but for counsel's deficient representation, the outcome of the plea process would have been different. *Hill*, 474 U.S. at 57.

Where it is claimed that constitutionally inadequate assistance of counsel caused non-acceptance of a plea offer and further proceedings led to a less favorable outcome, "a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court . . . that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 1385 (2012).

In his first Motion, Whitehurst alleges that King was ineffective as his counsel: (1) in advising him to reject a plea deal offered in 2011 that stipulated to a sentence of 10 years of incarceration, (2) in failing to communicate with him for a year about his direct appeal, (3) in accepting a $30,000 retainer from Whitehurst's family in order to appeal, in addition to fees she received pursuant to the Criminal Justice Act, (4) in constructively failing to appeal his sentence by appealing only a frivolous issue, and (5) in urging Whitehurst to plead guilty without a written plea agreement. These claims will be divided into two categories – those related to negotiating the plea ((1) and (5)) and those related to the appeal ((2),(3), and (4)). None are meritorious.

### A. The Plea

Whitehurst alleges that he was offered two plea agreements by the Government, both of which he rejected. The first, he says, was offered immediately after his arrest and stipulated to a sentence of 10 years of incarceration. According to Whitehurst, this offer occurred sometime immediately after his arrest, when he alleges he was represented by criminal defense lawyer Antoini Jones, though Jones never entered an appearance with the Court.

The Government counters that it has no record of offering that deal and such a deal, which stipulates the sentence, would have been rare. Furthermore, says the Government, even if it had taken the unusual step to offer that kind of deal, it was not on the table by the time King began representing Whitehurst in 2013.

The Government's position is well-taken. Whitehurst's version of the facts as to the plea agreement is incredible, but even if true, King was not Whitehurst's lawyer at the time the offer was made. Since she did not represent him, her representation could not have been ineffective.[1]

The Government did, however, offer Whitehurst a deal in September 2013 shortly before he pled guilty. Whitehurst alleges that King was ineffective because she urged him not to take it and instead to plead guilty without an agreement with the Government. This argument fails both prongs of *Strickland*. First, King's representation was not ineffective because, as the Government points out, her strategy yielded significant benefits for Whitehurst, including preserving his ability to appeal, without forfeiting the biggest benefit of any potential plea deal – an agreement by the Government not to ask the Court for a §851 enhancement.

Whitehurst's argument also falters on the prejudice prong of *Strickland* because Whitehurst, under the plea agreement, would have stipulated to a higher base offense level than Judge Williams in fact ultimately found.  Under the proposed agreement, Whitehurst would have stipulated to an adjusted offense level of 41, ECF No. 487 at 4, whereas at sentencing Judge Williams found him to have an adjusted offense level of 40. ECF No. 437 at 73:12. As such, Whitehurst cannot prove that "under the offer's terms [his sentence] would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler v. Cooper,* ___ U.S. ___, 132 S.Ct. 1376, 1385 (2012).

---

[1] There is also no evidence that Jones ever represented Whitehurst. In fact, when Jones testified as a character witness at Whitehurst's sentencing, he said on the record that he did not represent Whitehurst. ECF No. 437 at 83 ¶ 13—15.

B. *The Appeal*

Whitehurst makes two related arguments regarding King's supposedly defective assistance during his appeal. He argues that her failure to consult with him on the substance of his appeal constituted ineffective assistance and, relatedly, that her choice of issues to appeal was so frivolous as to constitute a failure to appeal, which is *per se* ineffective assistance.

In the Fourth Circuit, King contested Judge Williams' determination of the quantity of drugs for which Whitehurst was deemed responsible. The quantity of drugs is significant in calculating the offense level under the sentencing guidelines. This was one of three contested issues at Whitehurst's sentencing and remained appealable despite his guilty plea. The other two issues concerned his leadership role in the conspiracy, which King conceded at the sentencing hearing after being confronted with the Government's overwhelming evidence, and Whitehurst's criminal history calculation.

Counsel is required to file an appeal when directed by his or her client, *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000), but need not appeal every frivolous issue even at the direction of a client. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). King's decision to appeal only the issue of the quantity of drugs was reasonable, particularly in light of the fact that, absent a plea agreement's statement of facts or a full-fledged trial, the trial court had less information upon which to make factual findings. *See* ECF No. 437 at 72:24 – 73:12. In contrast, King could have reasonably viewed the evidence with respect to Whitehurst's criminal history and his leadership role in the conspiracy as having been amply proven. Her representation, then, was not constitutionally deficient.

In addition, King's alleged failure to meet with Whitehurst did not necessarily make her assistance ineffective. As clearly stated by the Fourth Circuit, there is no established "minimum

number of meetings between counsel and client prior to trial necessary to prepare an attorney to provide effective assistance of counsel." *Moody v. Polk*, 408 F.3d 141, 148 (4th Cir. 2005) (quoting *United States v. Olson*, 846 F.2d 1103, 1108 (7th Cir. 1988)).

Meeting and communicating regularly with a client may well be good practice, but even best practices are not constitutionally required. *Harrington v. Richter,* 562 U.S. 86, 105 (2011). In addition, given that the other arguments for appeal were weak, Whitehurst has not shown what possible difference a face-to-face meeting with counsel might have made and how the failure to meet resulted in prejudice.

Whitehurst's last claim alleges that King simultaneously accepted CJA funds and a $30,000 retainer from his family, in violation of the Criminal Justice Act and several rules of professional conduct. ECF No 467-1 at 6. If true, troubling though it may be, an ethical lapse does not necessary require a finding of ineffective assistance. *See Strickland,* 466 U.S. 668 at 688–89 (1984)(*"*No particular set of detailed rules for counsel's conduct can satisfactorily take account of the variety of circumstances faced by defense counsel or the range of legitimate decisions regarding how best to represent a criminal defendant.")

In any event, Whitehurst makes only general allegations of prejudice. He writes that "the totality of this sort of undignified conduct was prejudicial to this Movant having caused a breakdown in the adversarial process." Such an allegation does not in any sense demonstrate how King's alleged unethical behavior may have impacted her representation and therefore does not demonstrate the required prejudice under *Strickland*.

### III.   SECOND MOTION TO VACATE

On May 24, 2016, Whitehurst filed a second Motion to Vacate pursuant to §2255, asking the Court to consider the impact of the Supreme Court's decision in *Johnson v. United States*, 1135 S.Ct. 2551 (2015) on his case.

The Court's ruling in *Johnson* concerns sentencing enhancements given pursuant to the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B). *See Johnson,* 135 S. Ct. at 2557. Whitehurst received no such enhancement. The Supreme Court's ruling in *Johnson* is thus inapplicable to this case.

### IV.   CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing § 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 474 (2000); *Miller-El v. Cockrell*, 537 U.S. 322, 322 (2003). A prisoner satisfies this standard by "demonstrat[ing] that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong," and that any dispositive procedural ruling by the district court is likewise debatable. *Miller-El*, 537 U.S. at 338 (quoting *Slack*, 529 U.S. at 484). The Court has considered the record and finds that Whitehurst has not made the requisite showing here with respect to either Motion to Vacate.

### V.

For these reasons, Whitehurst's Motions to Vacate under 28 U.S.C. §2255, ECF Nos. 467 and 499, are **DENIED**.

A separate Order will **ISSUE.**

_____/s/_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

November ___, 2016